UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS A. MAHON,

                            Plaintiff,

v.                                              **DECISION AND ORDER**
                                                    07-CV-44S

GC SERVICES LIMITED
PARTNERSHIP, et al.,

                            Defendants.

       1.       On January 26, 2007, Plaintiff, represented by Kenneth R. Hiller, Esq., filed a complaint (Docket No. 1) against numerous Defendants alleging violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff's complaint included the following factual allegations against Defendant Capital Management Services:

> 100.    That in or about August of 2006, Capital Management called Plaintiff and left a message on his telephone answering machine. In said message, Capital Management described itself as CMSI, and did not disclose that it was a debt collector.
>
> 101.    That by reasons of the actions of Capital Management described in this complaint, Plaintiff became nervous, anxious, upset, and suffered from emotional distress.

(Complaint, Docket No. 1, ¶¶ 100-101).

       2.       On March 29, 2007, Plaintiff accepted Defendant Capital Management Services' Offer of Judgment for $1,000 plus reasonable attorney fees and costs. (Docket No. 29). The Court entered Judgment in favor of Plaintiff against Defendant Capital Management Services for $1,000 plus attorney fees and costs on May 3, 2007.

       3.       On May 17, 2007, Plaintiff's counsel filed a Motion for Attorney Fees (Docket No. 34), requesting that the Court award attorney fees in the amount of $1615.00 and

costs in the amount of $103.75. In the supporting memorandum, Plaintiff's counsel argues that a reasonable hourly rate for attorney fees in FDCPA cases is $260.00. (Docket No. 34-2).

4. Defendant Capital Management Services filed a Response to Plaintiff's Motion for Attorney Fees (Docket No. 38) contending that the amount demanded was excessive in light of the sole allegation that Defendant Capital Management Services left a message on Plaintiff's answering machine without identifying themselves as a debt collector.

5. Plaintiff's counsel filed a Reply (Docket No. 41) arguing in support of his motion for attorney fees.

6. Under the governing statute, "[a] consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991) (quoting 15 U.S.C. § 1692k(a)(3)). Plaintiff is the successful party in this litigation, and Defendant does not contest Plaintiff's entitlement to an award of attorney's fees and costs. It is the reasonableness of Plaintiff's fee request that Defendant contests.

7. Courts typically use the lodestar method to determine reasonable attorney's fees. The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." Kapoor v. Rosenthal, 269 F.Supp.2d 408, 412 (S.D.N.Y. 2003) (citation omitted). "The lodestar figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citation and

internal quotations omitted). "[T]here is . . . a strong presumption that the lodestar figure represents a reasonable fee." Goins v. JBC & Assocs., P.C., No. 3:03 CV 636, 2006 WL 540332, at *1 (D.Conn. Mar. 6, 2006) (quoting A.R. ex rel. R.V. v. New York City of Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005)).  Where the Court "augments or reduces the lodestar figure it must state its reasons for doing so as specifically as possible." DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (quotations and citations omitted).

8.  Plaintiff seeks a total judgment for fees in the amount of $1615.00 and costs in the amount of $103.75.  This is based on 6.76 hours of Mr. Hiller's time billed at the rate of $260 per hour, 2.95 hours of Ms. Amanda R. Jordan's time billed at $225 per hour, .37 hours of paralegal time billed at $85 per hour, and $103.75 in costs.  (Hiller Declaration (Docket No. 34-2), ¶ 19.)

9.  This Court has carefully reviewed Plaintiff's motion and Defendant's opposition.  Initially, this Court finds that the time billed by Plaintiff's counsel should be reduced.

In calculating the billable time attributable to Defendant Capital Management Services, Plaintiff accounted for 20 hours to review audio tapes, one-eighth of which Plaintiff's counsel assessed to Defendant Capital Management Services.  This Court finds that the 20 hours counsel spent reviewing audiotapes in this case is not reasonably attributable to Defendant Capital Management Services because Plaintiff's sole claim against Capital Management concerned a *single message* left on Plaintiff's answering machine.  Accordingly, Plaintiff's counsel's calculation for "Hours to be divided by 8 Defendants" should be reduced by 20 hours.  The remaining 8.7 hours divided by 8 Defendants results in 1.09 hours attributable to Defendant Capital Management.  Adding

in the 3.3 hours spent solely on Defendant Capital Management yields a total billable time of 4.39 hours for Mr. Hiller.

10.     Turning to the claimed hourly billing rates, this Court finds that the $260 hourly rate for Mr. Hiller, the $235 hourly rate for Ms. Jordan, and the $85 hourly paralegal rate are excessive. Despite Mr. Hiller's experience in FDCPA litigation, this Court finds an hourly rate of $200 to be reasonable for this market. This rate may arguably be too generous since it is on par with the rate applied in New York City, but given Plaintiff's counsel's experience, it is an appropriate rate.[1] See Dowling v. Kucker Kraus & Bruh, LLP, 99 CIV 11958, 2005 WL 1337442, at *8 (S.D.N.Y. June 6, 2005) (holding $200 to be a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan); see also Kapoor, 269 F.Supp.2d at 415 (collecting cases). Further, this Court finds that $125 is a reasonable hourly rate for Ms. Jordan, a recently admitted attorney. See e.g. Gatti v. Community Action Agency of Greene County, Inc., 263 F.Supp.2d 496, 515 (N.D.N.Y.2003) (stating that the current prevailing hourly rates generally applied in the Northern District of New York are $125 for associates with four or more years of experience, and $100 for newly admitted attorneys), aff'd, 86 Fed.Appx. 478 (2d Cir. 2004).[2] Moreover this Court finds that a paralegal rate of $50 is reasonable. See Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

---

[1]     This Court further notes that $200 per hour has previously been found by this Court to be a reasonable rate for Plaintiff's counsel's services. See Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

[2]     While Gatti is from the Northern District, this Court finds that it provides an hourly rate that is both comparable and reasonable in the Western District for newly and recently admitted attorneys.

11.     Accordingly, this Court finds that Plaintiff is entitled to recover for 4.39 attorney hours billed at $200 per hour, 2.95 attorney hours billed at $125 per hour, .37 hours paralegal time billed at $50 per hour, and $103.75 in costs.  Consequently, the Clerk of the Court will be directed to enter judgment in Plaintiff's favor against Defendant in the amount of $1,369.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 5) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in Plaintiff's favor against Defendant in the amount of $1,369.

SO ORDERED.


Dated:   June 27, 2007
Buffalo, New York

                                   /s/William M. Skretny
                                  WILLIAM M. SKRETNY
                                  United States District Judge